**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **SHERYL P. DICKINSON** *Individually and On Behalf of All Others Similarly Situated*, <br><br> Plaintiff, <br><br> v. <br><br> **ATLANTIC CASUALTY INSURANCE COMPANY, STRICKLAND INSURANCE GROUP, INC., and STRICKLAND INSURANCE BROKERS, INC.** <br><br> Defendants. | Civil Case No.: <br><br> **COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND** |

Plaintiff Sheryl P. Dickinson, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective Action Complaint against Defendants Atlantic Casualty Insurance Company, Strickland Insurance Group, Inc, and Strickland Insurance Brokers, Inc. ("Defendants"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for herself and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Defendants are companies engaged in providing insurance services.

3. Defendants violated the FLSA by suffering and permitting Claims Examiners to work over forty (40) hours per week but not paying any overtime premiums or any other compensation for

such hours, which should have been paid at a rate of not less than one and one-half times the regular rate of pay.

4. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Claims Examiners employed by any Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

5. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

6. At all relevant times, Defendants have willfully and intentionally committed widespread wage theft violations of the above-described statutes and corresponding regulations, in the manner described herein.

## **JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

8. This Court has personal jurisdiction over Defendants because Defendants' principal place of business is in the State of North Carolina.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## **THE PARTIES**

10. Defendants Atlantic Casualty Insurance Company, Strickland Insurance Group, Inc., and Strickland Insurance Brokers, Inc. are for-profit entities created and existing under and by virtue of the laws of the State of North Carolina.

11. Atlantic Casualty Insurance Company is a 'provider of excess & surplus lines property & casualty insurance' and has four office locations within the United States: Goldsboro, NC, Hartford, CT, Scottsdale, AZ, and Glen Allen, VA.[1] Its principal office is located at 400 Commerce Court, Goldsboro, NC 27534.[2]

12. Defendant Atlantic Casualty Insurance Company is a North Carolina corporation whose principal address is 400 Commerce Court, Goldsboro, NC 27534, and whose registered agent for service of process in North Carolina is CT Corporation System located at 160 Mine Lake Court Suite 200, Raleigh, North Carolina 27615.

13. Atlantic Casualty Insurance Company was formed by Strickland Insurance Group in 1983. In January of 2016, Atlantic Casualty and SIG were acquired and became part of the Auto-Owners Insurance Group.[3]

14. Strickland Insurance Group, Inc. provides insurance brokerage services.[4]

15. Defendant Strickland Insurance Group, Inc. is a North Carolina corporation whose principal address is 400 Commerce Ct, Goldsboro, NC 27534, and whose registered agent for

---

[1] *See* Atlantic Casualty Insurance Company's website: https://www.atlanticcasualty.net/ (last accessed August 7, 2020).

[2] *See* North Carolina Secretary of State website: https://www.sosnc.gov/online_services/search/by_title/_Business_Registration (last accessed July 23, 2020).

[3] *See* Atlantic Casualty Insurance Company's website: https://www.atlanticcasualty.net/about-acic/our-story/ (last accessed August 7, 2020).

[4] *See* Strickland Insurance Group, Inc. Bloomberg Company Profile: https://www.bloomberg.com/profile/company/0414464D:US (last accessed August 7, 2020).

service of process in North Carolina is Stephen M. Westfield located at 400 Commerce Ct, Goldsboro, NC 27534.

16. Strickland Insurance Brokers, Inc. is a 'Managing General Agent for numerous property and casualty insurance companies.'[5]

17. Defendant Strickland Insurance Brokers, Inc. is a North Carolina corporation whose principal address is 1006 Corporate Drive, Goldsboro, NC 27534-1608, and whose registered agent for service of process in North Carolina is Robert C. Strickland located at 1006 Corporate Drive, Goldsboro, NC 27534-1608.

18. Defendants are jointly and severally liable to Plaintiff and other Claims Examiners because they acted as joint employers, or alternatively, as a single integrated enterprise.

19. Defendants employed "Claims Examiners," whose primary duties were serving to parrot information between Defendants, independent insurance adjusters, and customers, and providing clerical support. Claims Examiners held various titles, including but not limited to Claims Examiner, Claims Assistant, Senior Claims Adjuster, Claims Adjuster I, and Claims Adjuster II.

20. Plaintiff Sheryl P. Dickinson ("Dickinson") is an adult resident of Henrico County and Commonwealth of Virginia.

21. Dickinson was employed by Defendants as a Claims Examiner from approximately July 20, 2018 through June 7, 2019 at Defendants' Glen Allen, VA location.

22. Plaintiff's specific job title was "Claims Examiner," and she performed the same or similar job duties as other Claims Examiners.

23. Dickinson's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

---

[5] *See* Strickland Insurance Brokers, Inc. website: https://www.sibrokers.com/ (last accessed August 7, 2020).

## FACTUAL ALLEGATIONS

24. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

25. Defendants are an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

26. Defendants are an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

27. At all relevant times alleged herein, Defendants were/are the "employers" of Claims Examiners within the meaning of 29 U.S.C § 203(d).

28. Defendants knowingly "suffered or permitted" Claims Examiners to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

29. Defendants, directly or indirectly, hired the Claims Examiners and determined the rate and method of the payment of their wages.

30. Defendants controlled Claims Examiners' work schedules, duties, protocols, applications, assignments and work conditions.

31. At all relevant times alleged herein, Claims Examiners performed job duties that do not fall within any exemptions from overtime under the FLSA.

32. Claims Examiners regularly worked over forty (40) hours per week.

33. Defendants failed to pay Claims Examiners any overtime premiums or any other compensation for hours worked over forty (40) in a workweek.

34. As a result of Defendants' illegal pay policies and practices, Claims Examiners were deprived of overtime pay at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

35. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

36. Defendants' widespread violations of the above-described federal wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

38. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all Claims Examiners who have been affected by Defendants' common unlawful policies and practices of failing to properly pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

39. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Claims Examiners employed by any Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

40. Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

41. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

42. Plaintiff seeks to send Notice to all similarly situated Claims Examiners as provided by 29 U.S.C. § 216(b) and supporting case law.

43. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendants; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

44. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

45. Plaintiff and the putative FLSA collective members demand a trial by jury.

## CLAIM FOR RELIEF
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

46. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

47. Defendants employed Plaintiff and the FLSA collective members as Claims Examiners.

48. Defendants suffered and permitted Plaintiff and the FLSA collective members to work more than forty (40) hours in one or more workweeks.

49. Defendants failed to pay Plaintiff and the FLSA collective members any overtime premiums or any other compensation for hours worked over forty (40) in a workweek.

50. As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay Plaintiff and the FLSA collective members the required overtime

compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

51. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

52. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

53. As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendants as follows:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) An Order for injunctive relief ordering Defendants to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(D) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective members;

(E) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(F) Designating Lead Plaintiff as the representative of the FLSA collective in this action;

(G) Designating the undersigned counsel as counsel for the FLSA collective in this action;

(H) Judgment for damages for all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(I) An incentive award for the Lead Plaintiff for serving as a representative of the FLSA collective in this action;

(J) An Order directing Defendants to pay Plaintiff and members of the collective reasonable attorney's fees and all costs connected with this action pursuant to the FLSA;

(K) Judgment for any and all civil penalties to which Plaintiff and members of the collective may be entitled; and

(L) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: September 21, 2020      Respectfully submitted,

By:   /s/ Brian L. Kinsley
      Brian L. Kinsley
      Crumley Roberts LLP

2400 Freeman Mill Rd
Greensboro, NC 27406
(866) 691-0607
blkinsley@crumleyroberts.com

*Local Counsel for Plaintiff*

Jason T. Brown (will PHV)
Lotus Cannon (will PHV)
Nicholas Conlon (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: (877) 561-0000
Facsimile: (855) JTB-LAWS
jtb@jtblawgroup.com
lotus.cannon@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*